IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

3:17-CV-112-CRS

TRAVIS L. WRIGHT                                                    PLAINTIFF
3502 Viewpointe Drive, Apt. 6
Louisville, Kentucky 40299


v.


EQUIFAX INFORMATION SERVICES, LLC                      DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:     CSC-Lawyers Incorporating Service Co.
                     421 W. Main St.
                     Frankfort, KY 40601
                     (BY CERTIFIED MAIL)


AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

          SERVE:     The Prentice Hall Corporation System
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Travis L. Wright, and for his Verified Complaint against the

Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans

Union"), states as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for negligence and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of  and Defendants' failure to investigate Plaintiff's disputes regarding alleged medical collections accounts.

## II. PARTIES

2.     Plaintiff, Travis L. Wright, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3502 Viewpointe Drive, Louisville, Kentucky 40299.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

11.    In or around December 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax and Trans Union credit reports and discovered derogatory tradelines furnished by GLA Collection Co. regarding an alleged medical collections accounts.  Specifically, Plaintiff's Equifax credit report included a GLA tradeline referencing account number 905146001271****, and Plaintiff's Trans Union credit report included a GLA tradeline referencing account number 604126001045****.

12.    Immediately upon discovery, Plaintiff disputed the GLA tradelines with Equifax and Trans Union.

13.    In January 2017, Equifax forwarded dispute results to Plaintiff showing that, despite the presence of the alleged GLA account on Plaintiff's Equifax credit report, Equifax failed to investigate the GLA account.

14.    Also in in January 2017, Trans Union forwarded dispute results to Plaintiff

showing that, despite the presence of the alleged GLA account on Plaintiff's Trans Union credit report, Trans Union failed to investigate the GLA account.

15.     Accordingly, Equifax and Trans Union failed to investigate Plaintiff's disputes and failed to amend and/or delete their reporting of the GLA tradelines on Plaintiff's credit reports.

16.     Equifax's and Trans Union's failure to investigate Plaintiff's disputes and their failure to delete and/or amend their reporting of the subject tradelines has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence - Equifax

17.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.     Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradeline, was negligent.  In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

19.     Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and

other compensatory and consequential damages.

20.    Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

21.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.    Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Trans Union disputing Trans Union's reporting of the tradeline, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

23.    Trans Union's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

24.    Trans Union's failure to properly investigate Plaintiff's dispute of Trans Union's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act - Equifax**

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

28.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding

investigation of disputed items under 15 U.S.C. §1681i. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees

### Willful Violation of the Fair Credit Reporting Act - Equifax

31.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.    Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33.    Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

34.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

35.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Trans

Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

38.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Travis L. Wright, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

8

## VERIFICATION

I, Travis L. Wright, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Travis L. Wright

COMMONWEALTH OF KENTUCKY        )
                                ) SS
COUNTY OF JEFFERSON             )

Subscribed, sworn to and acknowledged before me by Travis L. Wright this 22 day of FEBRUARY , 2017.

_____
Notary Public

Commission expires: 09\28\2019

SUANNE MCCOSKEY
Notary Public
State at Large
Kentucky
My Commission Expires Sept. 28, 2019